UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID ALLEN WILSON, | |
| Plaintiff, | Civil Action No. 22-01647 (JXN) (JSA) |
| v. | **OPINION** |
| JOSEPH ROBINETTE BIDEN JR., *et al.*, | |
| Defendants. | |

**NEALS**, District Judge

**THIS MATTER** comes before the Court upon *pro se* Plaintiff David Allen Wilson's ("Plaintiff") Complaint (ECF No. 1) and *in forma pauperis* application to proceed without prepayment of fees under 28 U.S.C. § 1915, (ECF No. 1-2).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Based on a review of Plaintiff's affidavit of indigency, the Court finds that Plaintiff has established his inability to pay and grants his application to proceed *in forma pauperis* ("IFP") without prepayment of fees and costs. The Court must now screen the Complaint to determine whether Plaintiff's action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.  BACKGROUND**

On March 24, 2022, Plaintiff filed this action against Defendants President, Joseph Robinette Biden, Jr., Vice President Kamala Devi Harris, Supreme Court Chief Justice John

Roberts, District Court Judge Michael A. Shipp, New Jersey Supreme Court Chief Justice Stuart Rabner, New Jersey Lieutenant Governor Sheila Oliver, Trenton Municipal Court Chief Marc McKithen, Trenton Police Commissioner Steve Wilson, Trenton Fire Commissioner Kenneth S. Douglas, Camden City Mayor Vic Carstarphen, Camden County Police Chief Gabriel Rodriguez, and Camden City Fire Chief Michael Harper (collectively "Defendants"). (Compl., ECF No.1.) Plaintiff's Complaint includes both handwritten and typed sections. As best the Court can construe, Plaintiff's alleges that between the time period of "September 12, 2022 APPROXIMATELY 12:00AM-April 6, 1953, 2:55AM" [sic], he was subjected to "ILLEGAL WIRETAPPING EVERY home, college, attended, job worked in Trenton and Camden, New Jersey. Also[,] illegal actions occurred in Washington, District of Colombia, Philadelphia, Baltimore." (Id.)

## II. LEGAL STANDARD

When allowing a plaintiff to proceed in forma pauperis, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

Moreover, because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

### III. DISCUSSION

Dismissal is proper, therefore, where a complaint is illegible, incomprehensible, or largely unintelligible. *See id.*; *Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007); *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (2007). The Court finds that the allegations in support of Plaintiff's claims, are unintelligible.

In his Complaint, Plaintiff claims that he has been "batter [sic], assaulted, robbed, terrorized, by government agents/informe[rs,] TRENTON POLICE DEPARTMENT, TRENTON FIRE DEPARTMENT, CAMDEN COUNTY POLICE DEPARTMENT, CAMDEN CITY FIRE DEPARTMENT UNTIL PLAINTIFF IS BLIND IN THE LEFT EYE SINCE 2020 AND

VISUALLY IMPAIRED AFTER CATARACT SURGERY INSTALLED IOL-TRANSPLANT." (Id.) Plaintiff claims that as a result, he is now experiencing "ABNORMAL BLOOD PRESSURE READING THAT NO DOCTOR WILL PRESCRIBE MEDICATION TO LOWER" and "ILLEGALLY FORCING COMPUTER GENERATED NIGHTMARE [illegible] DREAMS IN PLAINTIFF['S] SUBCONSCIOUS." (Id.) Plaintiff further states that "EX-CONVICTS AND HOBOS FROM TRENTON STATE PRISON AND OTHER NEW JERSEY DEPARTMENT OF CORRECTIONAL INSTITUTIONS" were involved in the aforementioned events and claims that "EVERY CITIZEN IN THE UNITED STATES OF AMERICA SEEN/INFORMED OF THE CRIMINAL EVENTS THAT OCCURRED TO PLAINTIFF." (Id.)

Plaintiff seeks relief in the form of medical treatment, for his right eye, high blood pressure, feet and reproductive organs, for injuries he claims were caused by the United States Government. (Id. at 7.) Plaintiff also seeks to be relocated to a "SAFER/EXPENSIVE HOUSING AWAY FROM CONVICTS/HOBOS THE US GOVERNMENT HAS EAVESDROPPING ON MY BEDROOM, TERRORIZING AND[]ROBBING THIS PLAINTIFF." (Id.) Additionally, Plaintiff seeks compensatory and punitive damages.

As noted above, Plaintiff names several defendants in this action however he fails to include specific claims or allegations against them. Consequently, the Court cannot discern the true nature of Plaintiff's claims because there is insufficient detail as to what Defendants' actions were or what any particular Defendant did to cause Plaintiff's harms. Therefore, Plaintiff fails to state a claim upon which relief can be granted, and the Complaint is dismissed.

**IV. CONCLUSION**

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon

4

which relief can be granted. Plaintiff has thirty days to file an amended complaint curing the deficiencies addressed herein. An appropriate Form of Order accompanies this Opinion.

                                                                                                                              */s/ Julien Xavier Neals*
                                                                                                                             **JULIEN XAVIER NEALS**
                                                                                                                             **United States District Judge**